UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE R. WHEELER, | ) 1:09-cv—01678-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR A COPY OF THE DOCKET AS MOOT |
| | ) (Doc. 13) |
| v. | ) |
| | ) ORDER TO PETITIONER TO SHOW CAUSE |
| M. MARTEL, Warden, | ) IN THIRTY (30) DAYS WHY THE |
| | ) PETITION SHOULD NOT BE DISMISSED |
| Respondent. | ) FOR PETITIONER'S FAILURE TO |
| | ) EXHAUST STATE REMEDIES |
| | ) (Doc. 1) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on November 20, 2009 (doc. 11).

   I.  Petitioner's Motion for a Copy of the Docket

   On April 29, 2010, Petitioner filed a motion for a copy of

the docket and gave notice that Petitioner is without funds and has no income.

The Court generally does not provide courtesy copies of past orders at the request of parties.

Further, Petitioner's motion to proceed in forma pauperis in this action was granted by the Court by order filed on September 25, 2009. Thus, Petitioner's financial status with respect to this proceeding is presently moot.

Accordingly, Petitioner's motion for a copy of the docket is DENIED as moot.

II.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, advisory committee notes, 1976 adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory committee notes to Habeas Rule 8, 1976 adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

III. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365

(1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding,

4

>  189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>  Harless, 459 U.S. 4, 7... (1982)), or the underlying
>  claim would be decided under state law on the same
>  considerations that would control resolution of the claim
>  on federal grounds, see, e.g., Hiivala v. Wood, 195
>  F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>  88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>  at 865.
>  ...
>  In Johnson, we explained that the petitioner must alert
>  the state court to the fact that the relevant claim is a
>  federal one without regard to how similar the state and
>  federal standards for reviewing the claim may be or how
>  obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Petitioner is serving a fourteen-year sentence for first degree robbery and seeks to challenge his conviction of the offense  (Pet. 1-4.)  Petitioner lists the grounds for his petition as follows:  1) denial of the federal right to a fair trial and due process based on the prosecution's failure to disclose material evidence (pet 4.); and 2) the trial court's failure to instruct the jury with CALCRIM 358, a cautionary instruction concerning admissions (id.).

Petitioner states and demonstrates that both issues were

5

raised in the intermediate state appellate court.  (Pet. 2, 8-33.)  However, he does not specifically allege or demonstrate by exhibits that the claim concerning instructional error was presented to the California Supreme Court.  Therefore, upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claim concerning instructional error to the California Supreme Court.  If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to consider the merits of those claims.  28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner has presented both claims to the California Supreme Court and simply neglected to inform this Court.

     Thus, Petitioner must inform the Court if all his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

     IV. <u>Order to Show Cause</u>

     Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

///

///

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   July 9, 2010**                              /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE