UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE R. WHEELER, | ) | 1:09-CV-1678 DLB HC |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| M. MARTEL, Warden | ) ) | ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| Respondent. | ) ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |

Willie R. Wheeler (hereinafter "Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a May 2, 2008 judgment of the Fresno County Superior Court. A jury found Petitioner guilty of firstdegree robbery. The trial court imposed a sentence of fourteen years.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. The California Court of Appeal issued a reasoned opinion on May 1, 2009, affirming the conviction. Petitioner filed a petition for review with the California Supreme Court, which the Supreme Court denied.

On September 14, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. See Doc. No. 1. On October 19, 2010, Respondent filed an answer to the petition. See Doc. No. 23. On November 5, 2010, Petitioner filed a traverse. See Doc. No. 25. The parties

have consented to Magistrate Jurisdiction.  See Doc. Nos. 11, 22.

**FACTUAL BACKGROUND**[1]

> At about 9:00 a.m. on February 2, 2006, taxi driver Rajinder Kumar dropped off a man and a woman at an address near the Chandler Airport where Petitioner, looking "quite [a] bit of under the influence" of a "drug or alcohol," was standing.  Although Kumar did not want Petitioner to get into his taxi, the couple pushed him inside and told Kumar to take him downtown.  After a few minutes of telling Kumar to "go this way, go that way," Petitioner told him to stop just as he entered the intersection of Divis[]dero and H Streets.  Kumar asked Petitioner to pay the "nine dollar something" fare on the meter.  Petitioner pressed an object into Kumar's shoulder and said, "I have a gun.  Give me your money."  Kumar gave him a five-dollar bill.  As soon as Petitioner opened the door, got out, and fell to the ground a few feet behind the taxi, Kumar closed and locked the door and asked radio dispatch to call the police.  Arriving moments later, the police handcuffed Petitioner and retrieved from his pocket Kumar's five-dollar bill, which the police photographed and returned to Kumar.  The police searched Petitioner but found no other property besides an identification card and searched the taxi and the general area but found no gun.  He was so inebriated his speech was slurred and he urinated on himself.  Officers could hardly understand him and made no attempt to interview him.

See People v. Wheeler, 2009 WL 1164496, *1 (Cal. App. May 1, 2009).

**I.     Jurisdiction**

A person in custody pursuant to the judgment of a State court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution and Petitioner's custody arose from a conviction in the Fresno County Superior Court.  As the judicial district encompasses Fresno County, 28 U.S.C. § 84(b), the Court has jurisdiction over Petitioner's application for writ of habeas corpus.  See 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction over application for writ of habeas corpus to the district court where the petitioner is currently in custody or the district court in which a State court convicted and sentenced Petitioner if the State "contains two or more Federal judicial districts").

---

[1] These facts are derived from the California Court of Appeal's opinion issued on May 1, 2009.  See People v. Wheeler, 2009 WL 1164496 (Cal. App. May 1, 2009).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); see Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004); Moses v. Payne, 555 F.3d 742, 746, n.1 (9th Cir. 2009).

## II. Standard of Review

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of AEDPA and is consequently governed by its provisions. See Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Thus, the petition "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)), overruled in part on other grounds, Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc); see Lockyer, 538 U.S. at 70-71.

Title 28 of the United States Code, section 2254 remains the exclusive vehicle for Petitioner's habeas petition as Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006), overruled in part on other grounds, Hayward, 603 F.3d at 555. As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Id. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. Clark v. Murphy, 331 F.3d 1062, 1072 (9th Cir. 2003) ("While *only* the Supreme Court's precedents are binding on the Arizona court, and only those precedents need be reasonably applied, we may look for guidance to circuit precedents"); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999) ("because of the 1996 AEDPA amendments, it can no longer reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal Constitutional issue . . . This does not mean that Ninth Circuit case law is never relevant to a habeas case after AEDPA. Our cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established'"). Furthermore, the AEDPA requires that the Court give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). A federal habeas court is bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards is to "identify the state court decision that

4

is appropriate for our review." Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. Bailey v. Rae, 339 F.3d 1107, 1112-13 (9th Cir. 2003). As the California Supreme Court's decision consisted of a summary denial, the Court looks through that decision to the last reasoned decision, namely, that of the California Court of Appeal. See Nunnemaker, 501 U.S. at 804.

### III.   Review of Petitioner's First Claim-Prosecutorial Misconduct

Petitioner claims that his due process rights were violated when the prosecution suppressed material evidence favorable to the defense. Petitioner contends that at the time of his arrest, the police retrieved a $5.00 dollar bill from his pocket. Petitioner argues that the prosecution did not disclose to him that at the time of his booking, he was in possession of an additional $1.30. There is no merit to this claim.

####    A.   State Appellate Court Decision

The California Court of Appeal on direct appeal rejected Petitioner's claim that the prosecution suppressed material evidence favorable to the defense, resulting in prejudice as follows:

> Petitioner argues the prosecution's suppression of material evidence favorable to the defense prejudiced him. The Attorney General argues the prosecution committed no error and, in the alternative, any error was harmless.
>
> Petitioner filed a new trial motion on the ground he found out after trial he was in possession of $6.30, not $5.00, at the time of his arrest. Attached to his motion was an "inmate money account" ledger showing he had $1.30 in his possession at the time of his booking. He argued the prosecution's failure to grant timely discovery of the "newly discovered evidence" led to a verdict "contrary to law or evidence" in violation of his constitutional right to due process. (See Brady v. Maryland (1963) 373 U.S. 83, 87 ( Brady ); §§ 1054 et seq., 1181, ¶¶ 6, 8.) The prosecutor filed an opposition arguing the "newly discovered evidence" was actually or constructively known to Petitioner, since the $6.30 was on his person, and was irrelevant, since the requisite showing of a reasonable

5

possibility of a different verdict was impossible to make. (See <u>Strickler v. Greene</u> (1999) 527 U.S. 263, 281.)

Denying the motion, the trial court reasoned "the mere fact that additional money was taken from the defendant does not mean that the other money that was testified to coming from Mr. Kumar was not taken from him." The trial court noted "the gravamen of the offense is the taking of property by force or fear," so "whether or not the defendant had any other money or whether he had significantly large sums of money in addition to the money taken from the victim is not material on whether or not he took the money from the victim by force and fear." Acknowledging the $1.30 "could have been favorable evidence to the defense" and "could have been used to impeach the officers," the trial court nonetheless found the non-disclosure immaterial since there was no "reasonable probability" of a different verdict.

As he did at the hearing on his new trial motion, Petitioner argues on appeal the $1.30 could "have been useful to the defense to create reasonable doubt" on the theory of a "drunken misunderstanding" between himself and an "angry" taxi driver who "invented the robbery" when "offered a paltry sum of $6.30 instead of full fare for the cab ride." He notes the admission in evidence on the issue of Kumar's credibility his 1994 prior for assault by means of force likely to cause great bodily injury.

Noting the passage of almost 10 months between his arrest and his trial, the Attorney General argues Petitioner "easily could have learned what property was placed on the books at the jail" especially since an officer who searched him at the scene testified nothing but the five-dollar bill and the identification card were on his person. As our Supreme Court observes, "the prosecutor had no constitutional duty to conduct defendant's investigation for him." ( <u>People v. Morrison</u> (2004) 34 Cal.4th 698, 715.) So " 'when information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence, the defendant has no Brady claim.' " ( <u>Ibid</u>.) That is so here.

See <u>Wheeler</u>, 2009 WL 1164496, *2.

  B.  <u>Applicable Law</u>

In <u>Brady</u>, the Supreme Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). Supreme Court precedents following <u>Brady</u> require a criminal defendant to prove three elements in order to show a <u>Brady</u> violation. <u>Benn v. Lambert</u>, 283 F.3d 1040, 1052 (9th Cir. 2002). First, the suppressed evidence must be exculpatory or impeachment material favorable to the defendant. <u>Id.</u> (citing <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985)). Second, the evidence must have been suppressed by the State, either willfully or inadvertently-thus requiring the defendant to establish that the prosecution knew or should have known during the proceedings of the evidence's existence and that the defendant did not possess

the evidence, nor could he have obtained it with reasonable diligence.  See United States v. Agurs, 427 U.S. 97, 110 (1976);  see also United States v. Zuno-Arce, 25 F. Supp. 2d 1087, 1116 (C.D. Cal. 1998); accord United States v. Michele, 941 F.2d 761, 764 (9th Cir.1991);  United States v. Dupuy, 760 F.2d 1492, 1502 n. 5 (9th Cir.1985). Third, a defendant must establish that prejudice resulted from the failure to disclose the evidence as "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." Bagley, 473 U.S. at 678.  Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 682.

    C.    Analysis[2]

The Court of Appeal's determination that Petitioner did not have a valid Brady claim was not an objectively unreasonable application of Supreme Court precedent.  Petitioner's Brady claim has no merit because he fails to satisfy an essential element for a valid Brady violation, namely that the prosecution suppressed evidence.  Petitioner argues that the prosecution failed to disclose to him that at booking, $1.30 was found in his possession.  Petitioner's conclusory argument, however, does not establish that the prosecution knew or should have known during the trial about the $1.30 that was found on Petitioner's person.  See Agurs, 427 U.S. at 110. More importantly, the California Court of Appeal found that the information Petitioner sought was readily available to him at trial and that the only reason he did not obtain the evidence was a result of his own lack of reasonable diligence.  See Wheeler, 2009 WL 1164496, *2. The Appellate Court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).  Therefore, Petitioner also fails to establish that he could not have obtained the evidence with reasonable

---

[2]The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 8 (2002).  Where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003).  Because the reasoned opinion provided by the California Court of Appeal did not address Petitioner's federal constitutional issue at issue here, this Court, therefore, conducts an independent review.

diligence. See Agurs, 427 U.S. at 110; Zuno-Arce, 25 F. Supp. 2d at 1116.

Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

**IV.    Review of Petitioner's Second Claim-Jury Instructional Error[3]**

Petitioner claims that the trial court's failure to instruct the jury *sua sponte* with CALCRIM No. 358 violated his constitutional rights. There is no merit to this claim.

A.    State Appellate Court Decision

At trial, the victim testified that Petitioner told him "I have a gun. Give me your money." See Wheeler, 2009 WL 1164496, *1. The California Court of Appeal found that the trial court erred by not instructing the jury with a former version of CALCRIM 358, which states:

> You have heard evidence that the defendant made an oral statement before the trial. You must decide whether or not the defendant made any such statements, in whole or in part. If you decide that the defendant made such a statement, consider the statement, along with all the other evidence, in reaching your verdict. It is up to you to decide how much importance to give to such a statement. You must consider with caution evidence of a defendant's oral statement unless it was written or otherwise recorded.

Id. Nevertheless, the California Court of Appeal found the error to be harmless, in large part, because the jury received "proper guidance with ample instruction on witness credibility."[4] Id. at *3. The California Court of Appeal reasoned: "the state court cautioned the jury to pay careful attention to all instructions, to consider all instructions together, and to review all evidence with care before concluding the testimony of a single witness proves any fact. (CALCRIM Nos. 200, 201)."[5] Id. Lastly, the Court found that in light of the substantial evidence of Petitioner's guilt

---

[3] The Court notes that Respondent did not address this claim in its Answer.

[4] The trial court instructed the jury on witness credibility with CALCRIM Nos. 105, 226, and 316.

[5] CALCRIM 105 and 226, provide in relevant part as follows:
You alone must judge the credibility or believability of the witnesses. In deciding whether testimony is true and accurate, use your common sense and experience. You must judge the testimony of each witness by the same standards, setting aside any bias or prejudice you may have.
You may believe all, part, or none of any witness's testimony. Consider the testimony of each witness and decide how much of it you believe.
In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony. Among the factors that you may consider are:
• How well could the witness see, hear, or otherwise perceive the things about which the witness testified
• How well was the witness able to remember and describe what happened
• What was the witness's behavior while testifying?
• Did the witness understand the questions and answer them directly?
• Was the witness's testimony influenced by a factor such as bias or prejudice, a personal relationship with

1  and the trial court's thorough charge to the jury, there was no reasonable probability that the jury
2  would have reached a more favorable verdict if the trial court had also given CALCRIM No. 358.
3  Id.

    B.    Applicable Law

Due process requires that jury instructions in criminal trials give effect to the prosecutor's burden of proving every element of the crime charged beyond a reasonable doubt. Middleton v. McNeil, 541 U.S. 433, 437 (2004). "Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Id. The fact that the instruction was allegedly incorrect under state law is not a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); see also Marshall v. Lonberger, 459 U.S. 422, 438 (1983). Federal habeas relief is available for jury instruction errors that "so infected the entire trial that the resulting conviction violates due process," thus rendering the trial fundamentally unfair. Estelle, 502 U.S. at 72. "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional right]." Id. (internal quotation marks and citations omitted).

---

someone involved in the case, or a personal interest in how the case is decide
• What was the witness's attitude about the case or about testifying?
• Did the witness make a statement in the past that is consistent or inconsistent with his or her testimony?
• How reasonable is the testimony when you consider all the other evidence in the case?
• [Did other evidence prove or disprove any fact about which the witness testified?]
• [Did the witness admit to being untruthful?]
• [What is the witness's character for truthfulness?]
• [Has the witness been convicted of a felony?]
• [Has the witness engaged in [other] conduct that reflects on his or her believability?]
• [Was the witness promised immunity or leniency in exchange for his or her testimony?]
Do not automatically reject testimony just because of inconsistencies or conflicts. Consider whether the differences are important or not. People sometimes honestly forget things or make mistakes about what they remember. Also, two people may witness the same event yet see or hear it differently.
[If the evidence establishes that a witness's character for truthfulness has not been discussed among the people who know him or her, you may conclude from the lack of discussion that the witness's character for truthfulness is good.]
[If you do not believe a witness's testimony that he or she no longer remembers something, that testimony is inconsistent with the witness's earlier statement on that subject.]
[If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything that witness says. Or, if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest.]

See CALCRIM 105 and 226.

The challenged jury instructions "may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." Id. (internal quotation marks and citation omitted). "If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." Middleton, 541 U.S. at 437. The law presumes that the jury follows the instructions given. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

C.   Analysis

Petitioner argues that his constitutional rights were violated because the trial court did not instruct the jury with CALCRIM 358. CALCRIM 358 is given in California when there is evidence of an out-of-court statement by the defendant. Here, the victim testified that Petitioner said, "I have a gun. Give me your money." See Wheeler, 2009 WL 1164496 at *1. Petitioner is correct in that the trial court did not instruct the jury with CALCRIM 358. However, the fact that the instruction was allegedly incorrect under state law is not a basis for federal habeas relief. See Marshall v. Lonberger, 459 U.S. 422, 438, n. 6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules").

Petitioner's claim fails because he has not meet the "heavy burden" of demonstrating that the trial court's failure to instruct *sua sponte* on CALCRIM 358 so infected his trial that the resulting conviction violates due process. Estelle, 502 U.S. at 72. The omitted jury instruction does not rise to the level of a due process violation because it did not have the effect of removing the burden from the prosecution of proving every element of the crime charged beyond a reasonable doubt. Middleton, 541 U.S. at 437.[6]

---

[6] As the Court of Appeal noted, the former version of CALCRIM 358 provides:
You have heard evidence that the defendant made an oral statement before the trial. You must decide whether or not the defendant made any such statements, in whole or in part. If you decide that the defendant made such a statement, consider the statement, along with all the other evidence, in reaching your verdict. It is up to you to decide how much importance to give to such a statement. You must consider with caution evidence of a defendant's oral statement unless it was written or otherwise recorded.

See Wheeler, 2009 WL 1164496, *3.

1  Furthermore, the Court must evaluate the omitted jury instruction in the context of the
2  overall charge to the jury as a component of the entire trial process. Henderson v. Kibbe, 431
3  U.S. 145, 154 (1977). Considering the omitted jury instruction in the context of all the
4  instructions provided, the Court concludes that it did not so infect the trial to the level where it
5  rendered the trial fundamentally unfair. Estelle, 502 U.S. at 72. CALCRIM 358 essentially
6  provides that the jury must decide whether the defendant made any alleged out of court
7  statements in whole or in part, consider the statement along with all the other evidence, and
8  consider the out-of-court statement with caution. In the instant matter, the jury was thoroughly
9  instructed on witness credibility and was cautioned to pay careful attention to all instructions.
10 See CALCRIM 200, 105, 206. For example, the jury was instructed that they alone must judge
11 the credibility of the witnesses and may believe all, part, or none of the witnesses's testimony.
12 See CALCRIM 105 and 206. The jury also was instructed that in evaluating a witnesses's
13 testimony, they may consider anything that reasonably tends to prove or disprove the truth or
14 accuracy of that testimony, including the reasonableness of the testimony in light of all the other
15 evidence in the case. Id. The jury instructions that were given to the jury were sufficient to
16 apprise the jury to view all testimony with caution. In light of the instructions that the jury did
17 receive and given that the omitted instruction did not remove the prosecution's burden of proving
18 every element of the crime, the Court concludes that the failure to give CALCRIM 358 did not
19 render the trial fundamentally unfair. See Estelle, 502 U.S. at 72.

20 Furthermore, Petitioner has not established and the Court is not aware of any clearly
21 established Federal law that stands for the proposition that a constitutional error occurs where a
22 court fails to give an instruction similar to CALCRIM 358.

23 Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

24 **V.   Certificate of Appealability**

25 A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
26 district court's denial of his petition, and an appeal is only allowed in certain circumstances.

27
28

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 326; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338. In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable; thus Petitioner's claim is not deserving of encouragement to proceed further. Consequently, the Court hereby denies a certificate of appealability.

**ORDER**

Accordingly, the Court ORDERS that:

1. The petition for writ of habeas corpus is DENIED WITH PREJUDICE;
2. The Clerk of the Court is DIRECTED to enter Judgment for Respondent; and
3. A Certificate of Appealability is DENIED.

IT IS SO ORDERED.

   Dated:   **April 22, 2011**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE